## O'Neill v. Gioffre

*James Lynch*, for plaintiff.
*Walter Campbell*, for defendant.

GARB, *P.J.*, October 24, 1988 — A judgment has been entered against petitioner herein in the amount of $8,118.55 for arrearages in a support order pursuant to Pa. Rule of Civil Procedure 1910.23. Upon petition we entered a rule on November 25, 1987, to show cause why the judgment should not be stricken or opened. An answer was filed thereto and depositions taken. The matter is now ripe for decision.

On February 18, 1987, this court entered an order directing that the petitioner pay the sum of $120 per week for the support of one child. That order was

made effective from May 6, 1985, and the petitioner likewise ordered to pay the sum of $15 each and every week on the arrears which were thereby created. The order was made effective from that earlier date because of a large amount which had been paid by the Department of Public Welfare for the child because the respondent, the mother of the child, was on welfare from that date and received funds for this child. Therefore, there essentially are two orders of court, one being a direct support order in the sum of $120, the other being the welfare order for the welfare funds previously received. Respondent was no longer on welfare on the date of the entry of this order and therefore the payments from the Department of Welfare have terminated.

Rule 1910.23(a) provides as follows: "If the defendant is 30 days or more in arrears under the order of the court as appears from a current certificate of the Domestic Relations Department, the prothonotary shall enter judgment on praecipe accompanied by the certificate in the amount shown in the certificate." As we read this rule the arrearages themselves were in existence from May 6, 1985 and therefore were in existence for a period in excess of 30 days as of the date of the entry of the order of February 18, 1987. Judgment was entered pursuant to a praecipe filed by counsel for respondent together with a certificate reflecting that as of September 19, 1987, the arrears were in the amount heretofore stated. Clearly, as of that date, the arrears were in existence for a period in excess of 30 days and therefore the entry of judgment was appropriate.

Petitioner contends that this rule should not apply where the arrearages are created by virtue of the effect of the entry of a retroactive order. We have found no case directly on this question nor has counsel cited any to us. However, by analogy, coun-

sel cites *Laub vs. Zaslavsky*, 369 Pa. Super. 84, 534 A.2d 1090 (1987). In that case the question for disposition was whether a federal tax refund intercept can be applied to seize the tax refund for arrearages created solely by virtue of a retroactive order. The trial court held that such intercept could not be made under those circumstances and the Superior Court affirmed. In that case, the court was construing section 464(a)(2)(A) of the Social Security Act which provides in relevant part as follows:

"Upon receiving notice from a state agency administering a plan approved under this part that a named individual owes *past-due* support . . . the Secretary of the Treasury shall determine whether any amounts, as refunds of federal taxes paid, are payable to such individual. . . . If the Secretary of the Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to such *past-due* support and shall concurrently send notice to such individual that the withdrawal has been made. . . . The Secretary of the Treasury shall pay the amount withheld to the state agency . . ." (emphasis supplied)

Based upon this language, the Superior Court determined that the term "past-due support" is defined by the statute as "the amount of a delinquency determined under court order . . . for support and maintenance of a child . . ." 42 U.S.C. 664(c)(1). The Superior Court then held that arrearages which result solely from the retroactive application of a support order cannot properly be characterized as a delinquency under the statute subjecting the obligor to the provisions of the intercept statute. We do not believe that the same construction need apply to the case before us. The Social Security Act refers to "past-due support" whereas the Rule of Civil Procedure refers solely to

"arrears." The term "arrears" is essentially a term of art relating to a support obligation which is not currently paid. Of significance, the rule provides that judgment can only be taken when the arrears are 30 or more days old. Considering that the purpose of support is to provide maintenance for a person to whom such obligation is owed, clearly the enforcement provisions of the Non-Support Act and the Rules of Procedure applicable thereto are to insure that those obligations are met. Regardless of how they came about, once an arrearage is established, it represents an obligation for support which has not been met by the obligor.[*] Rule 1910.23 is intended as one tool in enforcing that obligation. That being the case, it was properly invoked in this case.

For the foregoing reasons the rule to show cause will be discharged.

### ORDER

And now, October 24, 1988, it is hereby ordered that the rule of November 25, 1987, to show cause why the judgement should not be opened or stricken is discharged.

---

[*] Without intending to digress into a semantic quibble, unpaid support accrued by a retroactive order is not "past-due," it having come into existence only upon the entry of the order.